Filed 9/27/22  P. v. Xiong CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095061 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F02578) |
| v. | |
| JOHN XIONG, | |
| Defendant and Appellant. | |

Following a conviction for robbery with the use of a firearm, defendant John Xiong was sentenced to a 36-year four-month prison term.  Three years into serving his sentence, the California Department of Corrections and Rehabilitation (Department) recommended the trial court recall and resentence defendant.  The trial court declined to recall defendant's sentence and he appealed.  Our court remanded for reconsideration of the Department's recommendation and the trial court again declined to recall and resentence defendant.  Defendant appealed.

During the pendency of this appeal, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540), effective January 1, 2022, moved the recall and resentencing

1

provisions of former Penal Code[1] section 1170, subdivision (d)(1) to new section 1170.03[2] (Stats. 2021, ch. 719) and made several clarifications to the standards and factors a trial court must employ when considering the Department's recommendation to recall and resentence. In light of its passage and the Legislature's presumed intent, defendant argues he is entitled to reconsideration of the Department's recommendation and the benefit of any other ameliorative changes in the law. We agree and reverse and remand.

BACKGROUND

In 2016, the trial court sentenced defendant to a term of 36 years four months; the sentence included doubling the five-year upper term for robbery due to a prior strike, one-third the midterm doubled due to restricted firearm possession, a 20-year firearm enhancement, and a five-year prior conviction enhancement. This court affirmed the conviction following *Wende* review and the judgment became final in 2017. (*People v. Xiong* (Feb. 24, 2017, C081131) [nonpub. opn.].)

In 2019, the Department recommended the trial court recall and resentence defendant pursuant to amendments to section 667, subdivision (a), effective January 2019, which permitted the trial court to strike the enhancement. By written order, the trial court summarily denied the Department's request, concluding that the "sentence imposed reflects the proper measure of justice." Defendant appealed and we reversed to give the trial court an opportunity to reconsider the Department's recommendation. (*People v. Xiong* (June 17, 2021, C089915) [nonpub. opn.].)[3]

---

**1**     Undesignated statutory references are to the Penal Code.

**2**     Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference given the recent legislative changes, we will reference Assembly Bill 1540 throughout this opinion.

**3**     The People request we take judicial notice of our prior opinion and defendant does not oppose. We treat this as a request to incorporate the record by reference and grant the motion. (Cal. Rules of Court, rule 8.147(b).)

Following remand, the court appointed counsel for defendant and he filed a motion in support of recalling his sentence, which included letters to his victims and the community, letters of support from friends and family, rehabilitative awards and certificates, and a relapse prevention plan. Through a letter attached to his motion, defendant also provided evidence of psychological trauma he experienced as a child, due to abuse from his parents and his low self-esteem. Defendant shared how he sought gang affiliation to fill the void in his life. Finally, defendant experienced alcoholism and a mental breakdown following the death of his child. He believed these external factors played a role in his criminality as a young adult. Defendant's motion also sought relief pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) and the court's discretion to strike the firearm enhancement imposed under section 12022.53, subdivision (c).[4] The People did not oppose defendant's motion.

By the time of defendant's September 2021 resentencing hearing, including presentence custody, he had served approximately nine years. At the hearing, defendant reiterated the evidence included in his briefing, while the People gave a brief summary of the commitment offense and confirmed that the victims had been notified. The trial court reviewed the evidence and declined to recall defendant's sentence. The trial court reasoned defendant has "obviously worked hard" and "the letters [defendant] ha[d] written to the victims" were not commonplace. The court continued, "[b]ut I still look at this case and consider from what occurred in this case and how it was done, the defendant's record at the time it occurred, the fact that he was on parole for a gun charge and then picked up yet another gun and discharged it. This was an incredibly serious violent crime. And it seems to me that it would not be in the interest of justice to recall this sentence."

---

**4** Defendant's motion cites a firearm enhancement imposed pursuant to section 12022.53, subdivision (b), but defendant's abstract of judgment confirms the 20-year enhancement imposed was pursuant to section 12022.53, subdivision (c).

DISCUSSION

Defendant contends he is entitled to a review of the Department's recommendation with the added *presumption of recall* under the provisions of Assembly Bill 1540. The People dispute whether Assembly Bill 1540 applies retroactively, but concede judicial economy "counsel[s] in favor of simply applying the new statutory terms."

In connection with reconsideration under Assembly Bill 1540, defendant claims he is entitled to the benefit of all ameliorative changes in the law "that reduce sentences or provide for judicial discretion." The People contend this issue is not ripe, but concede if the court decided to recall defendant's sentence, the trial court could " 'apply any changes in law that reduce sentences or provide for judicial discretion.' "

Additionally, in light of *People v. Tirado* (2022) 12 Cal.5th 688, defendant contends the trial court should consider striking or reducing the firearm enhancement sustained under section 12022.53, subdivision (c). The People counter that this issue is similarly not ripe for consideration.

We remand for the trial court to reconsider the Department's recommendation. Upon reconsideration, if the trial court elects to exercise its discretion to recall defendant's sentence, defendant will be entitled to raise application of any intervening ameliorative changes in the law..

Defendant contends our court should remand for reconsideration of the Department's recommendation because he is entitled to the benefit of recently enacted provisions within Assembly Bill 1540. We agree.

Former section 1170, subdivision (d)(1) allowed a trial court, at any time upon the recommendation of the Department to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (*Ibid.*)

Following defendant's 2021 resentencing hearing, Assembly Bill 1540 (2021-2022 Reg. Sess.) clarified the procedural requirements for recall and resentencing to require a trial

4

court to provide notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (Stats. 2021, ch. 719, § 3.1.) Assembly Bill 1540 also clarified the factors the trial court was required to consider in resentencing, including "any changes in law that reduce sentences or provide for judicial discretion" and consideration of postconviction factors including, but not limited to, rehabilitation and psychological trauma. (Stats. 2021, ch. 719, § 3.1.) Most pertinent to this appeal, Assembly Bill 1540 provided that where the recommendation to recall and resentence is made by the Department, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (Stats. 2021, ch. 719, § 3.1.)

Assembly Bill 1540 was intended to "make clarifying changes" to former section 1170, subdivision (d)(1) and specify the required procedures for when the Department recommends recall and resentencing. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041.) Because Assembly Bill 1540 was passed in part to clarify the Legislature's intent, it is properly considered in interpreting former section 1170, subdivision (d). (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922.) Thus, because the trial court's denial of the Department's recommendation predated enactment of Assembly Bill 1540, the clarification of the law applies here.

The parties agree remand for reconsideration of the Department's recommendation is the proper remedy. We agree with the parties. Defendant is entitled to have the court apply the presumption in favor of recall and resentencing. (§ 1172.1, subd. (b)(2).) In addition, the court must consider whether that presumption has been overcome by a finding of unreasonable risk of danger to public safety as defined in the statute; that is, that defendant will commit a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv). (§ 1172.1, subd. (b)(2); see *People v. Valencia* (2017) 3 Cal.5th 347, 351.) While the trial court expressed concern regarding defendant's continued gun use and history of violence, we cannot conclude the trial court's reasoning meant it had

5

concluded there was an unreasonable risk defendant would commit one of the enumerated offenses. (See § 667, subd. (e)(2)(C)(iv)(I)-(VIII).)

Although the trial court previously considered some of the factors within Assembly Bill 1540, including postconviction factors, that legislation requires the court consider additional factors and weigh them in light of the new presumption favoring recall and resentencing.

Because we consider Assembly Bill 1540 a clarification in the law and thus remand the matter, we need not also resolve whether Assembly Bill 1540 applies retroactively. (*People v. McMurray*, *supra*, 76 Cal.App.5th at pp. 1041-1042.)

On remand, defendant may raise his additional challenges regarding application of intervening ameliorative changes in the law.

DISPOSITION

The order declining to recall and resentence defendant is reversed. The matter is remanded for reconsideration of the Department's recommendation to recall and resentence defendant in accordance with Assembly Bill 1540.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Mauro, J.

/s/_____
Krause, J.